UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Chapter 7

Romel E. Casab,                                 Case No. 13-45609

    Debtor.                                 Hon. Phillip J. Shefferly
_____/

### ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION

This order is being entered to deny a motion for reconsideration (ECF No. 199) filed by the Debtor on April 30, 2014 with respect to an order (ECF No. 194) entered by the Court on April 16, 2014. The background is as follows.

The Debtor filed this Chapter 7 case on March 21, 2013. On July 2, 2013, the Chapter 7 Trustee filed a motion for an examination of the Debtor and production of documents under Fed. R. Bankr. P. 2004. Although the Debtor initially opposed the motion, the Debtor eventually entered into a stipulation with the Trustee providing for the entry of an order ("Rule 2004 Order") on August 7, 2013 that resolved the Trustee's motion. The Rule 2004 Order described 18 separate categories of documents that the Debtor agreed to provide to the Trustee.

When the Debtor failed to comply with his obligations under the Rule 2004 Order, the Trustee filed a motion seeking to hold the Debtor in contempt. On November 25, 2013, the Court held a hearing on the motion for contempt. The Court granted the motion, found the Debtor to be in contempt by reason of his failure to comply with the Rule 2004 Order, and

provided a mechanism for the Debtor to purge the finding of contempt. An order memorializing the Court's ruling was entered on December 5, 2013.

The Court conducted further hearings on January 3, 2014 and January 31, 2014 regarding the Debtor's failure to comply with the Rule 2004 Order, the Court's finding of contempt, and the Debtor's failure to take steps to purge the finding of contempt.

On February 19, 2014, the Court held yet another hearing. This time, the Court specifically found that the Debtor remained in contempt and that the steps that the Debtor had allegedly taken to comply with the Rule 2004 Order were insufficient to purge the finding of contempt made by the Court. However, because of the very severe nature of the remedies that the Trustee was requesting the Court to impose against the Debtor, and because of representations made by the Debtor's counsel regarding certain steps that the Debtor and his spouse were intending to take to bring the Debtor in compliance with the Rule 2004 Order, the Court determined to schedule an evidentiary hearing on March 26, 2014 to consider the Trustee's request to impose additional remedies against the Debtor. To give the Debtor every opportunity to persuade the Court why the Trustee's request for additional remedies should not be granted, the Trustee ordered the Debtor to be in attendance at the hearing on March 26, 2014.

On March 26, 2014, the Court held the hearing. Despite being ordered to attend, the Debtor failed to do so. Even though the Debtor had failed to purge the finding of contempt made against him, and had failed to attend the hearing on March 26, 2014, the Court still did not grant all of the remedies requested by the Trustee. Specifically, the Court declined to grant the Trustee's request to incarcerate the Debtor. At the conclusion of the hearing on March 26, 2014,

the Court imposed certain monetary remedies against the Debtor and stated that the Court would make a referral to the United States District Court to conduct a criminal contempt proceeding against the Debtor. The Court's ruling made at the hearing on March 26, 2014 was memorialized in an order (ECF No. 194) entered on April 16, 2014. On April 30, 2014, the Debtor filed a motion (ECF No. 199) for reconsideration of that order.

Local Bankruptcy Rule 9024-1(a)(3) states that generally, a motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, will not be granted. Instead, the rule requires that the moving party demonstrate a palpable defect by which the Court and the parties have been misled, and also show that a different disposition of the case will result from a correction of that palpable defect.

The Debtor's motion for reconsideration does not allege that there was a palpable defect in the Court's ruling made on the record on March 26, 2014 and memorialized in the April 16, 2014 order. The Debtor's motion for reconsideration does not allege that the remedies imposed by the Court in the April 16, 2014 order were somehow improper nor, for that matter, does the Debtor's motion for reconsideration allege that the Court's denial of the Trustee's request to incarcerate the Debtor was in error. Instead, the Debtor's motion for reconsideration focuses on the documents that the Debtor agreed to provide to the Trustee under the Rule 2004 Order. Specifically, the Debtor argues that the Trustee now has many of those documents, and that there are other documents described in the Rule 2004 Order that the Debtor believes to be in the possession of a third party from whom the Trustee can obtain the documents. The Debtor's motion for reconsideration requests the Court to conduct yet another hearing, but instead of the

Debtor appearing at the hearing, the Debtor's motion for reconsideration asks the Court to turn the tables and now require the Trustee to appear and provide testimony as to what documents she does or does not have. This despite the Debtor never having appeared at any hearing.

The Debtor's motion for reconsideration must be denied because it neither alleges nor demonstrates a palpable defect in the Court's ruling made on the record on March 26, 2014 and memorialized in its April 16, 2014 order. More troubling is the Debtor's continued inability or refusal to understand the predicament that the Debtor has created for himself. It was, after all, the Debtor who agreed with the Trustee to enter the Rule 2004 Order describing the specific documents that the Debtor agreed to produce to the Trustee. Since the Debtor made that agreement with the Trustee, the Court has now held five separate hearings regarding the Debtor's failure to comply with the Rule 2004 Order, and specifically found the Debtor to be in contempt for his failure to comply with that order. The Court has made detailed findings on the record at each of these hearings, including most recently the March 26, 2014 hearing. Because of the severity of the remedies requested by the Trustee against the Debtor, the Court has bent over backwards to give the Debtor every opportunity to comply with the Court's orders and to purge the finding of contempt. The Debtor's response has been to thumb his nose at the process. The Debtor has not attended a single one of the five separate hearings that have been held, not even the hearing on March 26, 2014, despite being expressly ordered by the Court to do so. The Debtor's motion for reconsideration not only does not meet the legal standard set forth in L.B.R. 9024-1(a)(3), but also demonstrates an utter lack of understanding of the seriousness of

this proceeding and the consequences that necessarily flow from the Debtor's failure to comply with orders of this Court.

**IT IS HEREBY ORDERED** that the Debtor's motion for reconsideration is denied.

.

**Signed on May 21, 2014**

                              **/s/ Phillip J. Shefferly**
                        **Phillip J. Shefferly**
                        **United States Bankruptcy Judge**